# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1854, AT NORTHAMPTON.

##### PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,  
HON. THERON METCALF,  
HON. BENJAMIN F. THOMAS, } JUSTICES.  
HON. PLINY MERRICK,

---

### COMMONWEALTH vs. CHARLES H. MOREY.

One under arrest for stealing was visited in jail by the prosecutor, who said to him that if he wished for any conversation he could have a chance; the prisoner made no reply for a minute or two; the prosecutor then told the prisoner he thought it was better for all concerned in all cases for the guilty party to confess; the prisoner then said he supposed he should have to stay there whether he confessed or not: the prosecutor replied that he supposed he would, and in his opinion it would make no difference as to legal proceedings, and that it was considered honorable in all cases, if a person was guilty, to confess. *Held*, that the confessions of the prisoner, made immediately after this conversation, were admissible in evidence against him.

INDICTMENT for breaking and entering in the night the shop of Anson Chapman in Westhampton, and there stealing bank bills and silver coin.

39 *

At the trial in the court of common pleas, before *Mellen*, J, " Chapman, being called as a witness for the Commonwealth, and to prove certain confessions of the defendant, testified that after the defendant was arrested and committed on his complaint, and before the examination, he visited him at the jail alone, and told him he supposed he knew what he came for ; the defendant replied that he did; that he then said to him, that if he wished for any conversation, he could have a chance; that the defendant made no reply for a minute or two ; that he then told him he thought it was better for all concerned in all cases for the guilty party to confess; that the prisoner then said he supposed he should have to stay there whether he confessed or not; that the prosecutor replied he supposed he would, and in his opinion it would make no difference as to legal proceedings, and that it was considered honorable in all cases, if a person was guilty, to confess." The district attorney then proposed to prove the confessions of the defendant, made immediately after, to which the defendant objected as incompetent, but they were admitted by the judge. To this admission the defendant, being convicted, alleged exceptions.

*C. P. Huntington,* for the defendant. The prisoner appears not to have been ready to confess, until the prosecutor told him that " it was better for all concerned," including, of course, the prisoner, " for the guilty party to confess." And although the prosecutor said that he supposed the prisoner would have to stay in jail, whether he confessed or not, still the prisoner may well have understood that a confession would shorten the time of his imprisonment. Confessions, made by a prisoner, immediately after an inducement has been held out to him, are not admissible in evidence against him. *Commonwealth* v. *Taylor,* 5 Cush. 606.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, cited *The State* v. *Grant,* 22 Maine, 171; *The State* v. *Crank,* 2 Bailey, 66.

SHAW, C. J. The ground on which confessions made by a party accused, under promises of favor, or threats of injury, are excluded as incompetent, is, not because any wrong is done to the accused, in using them, but because he may be induced, by

the pressure of hope or fear, to admit facts unfavorable to him, without regard to their truth, in order to obtain the promised relief, or avoid the threatened danger, and therefore admissions so obtained have no just and legitimate tendency to prove the facts admitted.   The general rule is well expressed in the passage, cited in the argument, from the case of *The State* v. *Grant*, 22 Maine, 171.   " To exclude the confession, there must appear to have been held out some fear of personal injury, or hope of personal benefit, of a temporal nature."   Of course, such inducement must be held out to the accused by some one, who has, or who is supposed by the accused to have, some power or authority to assure to him the promised good, or cause or influence the threatened injury.   *Commonwealth* v. *Taylor*, 5 Cush. 606.   The general rule of law seems sufficiently plain and clear, but the great variety of facts and circumstances, attending particular cases, renders the application difficult, and each case must depend much on its own circumstances.   In the present case, we think the decision was right, on the facts stated, and the confessions admissible.                 *Exceptions overruled.*